Clifton v. Brundage.

G. B. CLIFTON AND ANOTHER V. E. S. BRUNDAGE.

Where defectiveness or want of title in the vendor of land and payee of the note sued on, under a plea of failure of the consideration for which the note was given, is relied on, the plea must aver in a connected and intelligible form the facts showing such defect; and where the contract of sale was executed by deed, the failure to allege ignorance of the defect in the title in the purchaser when the contract was made, will be fatal to the validity of the plea.

APPEAL from Titus. Tried below before the Honorable W. S. Todd.

This was a suit brought by the appellee against G. B. Clifton and another, on a promissory note made by the defendants on the 17th day of April, 1857, payable to the plaintiff on the 1st day of January, 1858, for the sum of twelve hundred and thirty-nine dollars and eighty-three cents. The pleadings of both parties showed that the consideration for which the note. was given, was a tract of land of three hundred and twenty acres of land conveyed by deed by the plaintiff to the defendant Clifton; a copy whereof was made an exhibit as part of the plaintiff's petition, and bore the same date as that of the note.

The defendants answered by exceptions to the petition, a general denial, and a plea setting up the failure of the consideration for which the note was given; which last plea alleged that the note was executed as the consideration to be paid for three hundred and twenty acres of land sold and conveyed to said Clifton by the plaintiff on the 17th day of April, 1857. That the land was "the pre-emption of three hundred and twenty acres of land taken up by Moses W. Taylor; that at the time of the sale and purchase aforesaid, the plaintiff pretended that he was possessed of a title to said land, and could make a good and sufficient deed of conveyance to the same. Defendant avers, as he is informed and believes, that the plaintiff at the time of said sale was not, nor is he now, able to make a good and legal title to the land sold as aforesaid. That defendant shows and avers that a certificate, what is commonly known as a three hundred and twenty acres, was issued to one Crawford prior

to the expiration of three years residence and cultivation of said land, and that the same has been rejected by the general land office as worthless and no evidence of title."

Defendant alleged further, that relying upon the conveyance executed as aforesaid, and the representations made as aforesaid by the plaintiff, he has made large and valuable improvements in good faith upon said three hundred and twenty acres of land, of the value of eight hundred dollars. Defendant also tendered back to the plaintiff the said land, upon plaintiff paying back to him the value of said improvements and the cancellation of the said note.

Defendant alleges that the plaintiff is a citizen of the State of Georgia, but does not know whether he is solvent or not, and able to answer in damages in case the title to said land proves defective. That if he is solvent, that the defendant will incur much trouble and great expense in recovering the damages to which he will be entitled by the breach of the plaintiff's warranty. He also prayed that the collection of the money sued for might be enjoined until the plaintiff shall produce and exhibit his title to the land.

The plaintiff filed a motion to strike out the said plea for the vagueness, indefiniteness, and uncertainty of the allegations therein contained, and other grounds, which, viewed with reference to the opinion of the court, need not be stated. The motion was sustained by the court.

Jury, trial and verdict for the plaintiff for the sum of thirteen hundred and forty-one dollars and seventy-six cents; and, in accordance with the prayer of the petition, judgment rendered thereon, and a decree subjecting the land to the vendor's lien, and ordering a sale thereof to satisfy said judgment.

Error assigned, striking out the defendant's answer setting up a failure of consideration.

*B. W. Gray & D. M. McCoy, Johnson & Townes*, for the appellant.

ROBERTS, J.—The plea of failure of consideration is clearly

liable to the exceptions taken to it for uncertainty and insufficiency. It does not properly connect the facts which seem to have been attempted to be set up, nor do they constitute good grounds for the relief sought. It fails to show what the defect of title is ; what is said in the endeavor to do so is incoherent and unintelligible. The contract of sale was executed by the delivery of a deed, and if there was any defect of title, it is not alleged that the defendant was ignorant of it. Other reasons might be given, if necessary, for holding the plea insufficient.

Judgment affirmed with damages.